934 F.2d 154
 Kevin C. PORTH, Appellant,
v.
Hal FARRIER, Director of Iowa Department of Corrections;
Calvin Auger, Warden of Iowa Men's Reformatory; CS II
Gretten, Correctional Supervisor at ISR; Kevin Lewis,
Correctional Supervisor at ISR; CS I Phillips, Correctional
Supervisor at ISR; CS I Luensmann, Correctional Supervisor
at ISR; Roger Puetz, Correctional Officer at ISR; SCO
Mayo, Correctional Officer at ISR; William Sperefslage,
Correctional Officer at ISR; John A. Doe, Correctional
Officer at ISR; John C. Doe, Correctional Officer at ISR;
et al., Appellees.
 No. 90-2045.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 9, 1991.
Decided May 22, 1991.
Rehearing Denied July 16, 1991.
 
 John Stevens, Muscatine, Iowa, for appellant.
 William Hill, Asst. Atty. Gen., Des Moines, Iowa, for appellee.
 Before LAY, Chief Judge, MAGILL and LOKEN, Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 Kevin C. Porth, an inmate at the Iowa State Men's Reformatory, appeals a judgment entered on a jury verdict finding that defendant prison officials did not violate Porth's eighth amendment rights. Porth filed a civil rights action, under 42 U.S.C. Sec. 1983 (1988), alleging that his eighth amendment rights had been violated by the officers and guards at the reformatory when he was placed in a strip cell without clothes, bedding, or a mattress for approximately twelve hours. He argues that the district court erred by denying his motion for a directed verdict and submitting to the jury an instruction on "totality of the circumstances." We affirm.
 
 
 2
 Porth was confined in a cell at the reformatory. On October 30, 1986, a guard observed Porth and an inmate in the next cell making noises. The guard reported it to his supervisor and wrote up a report. Porth alleges he asked to see the shift captain to appeal the report. After his request was denied, Porth began to yell. The guard and the shift captain ordered Porth to put on his clothes and back up to the bars of his cell to be handcuffed. Porth refused. Several guards entered the cell to forcibly remove Porth. Porth put his blanket in the door track to slow its opening, put a towel and a book in a pillow case to use as a weapon, and began throwing water at the guards. The guards grabbed Porth, fired a stun gun into his stomach for three to five seconds, handcuffed him, and took him to solitary confinement. He was placed in a small cell containing only a combination sink and commode and a raised concrete bed. The guards strip searched him and removed all of his clothes before putting him in the solitary cell.[1] He was given a blanket so that a nurse could examine him for injuries. Porth refused the examination. The guards ordered Porth to return the blanket after the nurse left and he refused. Porth alleges he then threw the blanket at the door when it could have been retrieved through the bars. The guards entered the cell, held Porth down, aimed the stun gun at him, and removed the blanket from the cell. Porth was kept in solitary for approximately twelve hours without clothes, bedding, or a mattress. After a trial, the jury returned a verdict for the defendants.
 
 
 3
 Porth argues that his treatment constituted a per se violation of the eighth amendment. This court has had a series of cases dealing with prison authorities depriving inmates of clothing and bedding. Porth urges that we should abide by our early admonition in Finney v. Arkansas Board of Correction, 505 F.2d 194, 208 (8th Cir.1974), aff'd sub nom. Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), that a prisoner should not be deprived of the basic necessities for human existence which include "light, heat, ventilation, sanitation, clothing and a proper diet." See also Maxwell v. Mason, 668 F.2d 361, 365 (8th Cir.1981); Wycoff v. Brewer, 572 F.2d 1260, 1263 n. 5 (8th Cir.1978);[2] Kelly v. Brewer, 525 F.2d 394, 400 (8th Cir.1975).
 
 
 4
 In Maxwell, the court observed, in a footnote, that "we need intimate no judgment as to whether deprivation of clothing or bedding as a punitive measure, standing alone, would be cruel and unusual." Maxwell, 668 F.2d at 363 n. 8. The court continued by stating that:
 
 
 5
 Moreover, it is clearly the law in this Circuit that clothing is a "basic necessity of human existence" which cannot be deprived in the same manner as a privilege an inmate may enjoy. Any deprivation of basic necessities takes on added importance where it occurs in a condition of solitary confinement. However, the reason for that resides not solely in the requisites of proper hygiene, but in that "the Eighth Amendment's basic concept 'is nothing less than the dignity of man.' "
 
 
 6
 Maxwell, 668 F.2d at 365 (citations omitted) (emphasis added); see also Wycoff, 572 F.2d at 1263 n. 5.
 
 
 7
 In Johnson v. Williams, 788 F.2d 1319, 1323 (8th Cir.1986), however, this court stated that "before a court should find that confinement without bedding or clothing is not a constitutional violation a court must be informed of other relevant conditions of confinement in addition to length of confinement." See also Green v. Baron, 879 F.2d 305, 309 (8th Cir.1989).
 
 
 8
 In the present case, although we need not decide, we assume Porth established a prima facie showing of a constitutional violation. See Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir.1990). Porth contends that he is entitled to a directed verdict on this basis. We respectfully disagree. Porth argues that the district court erred in denying his motion for a directed verdict when the defendants admitted denying him all his clothing and bedding. He argues that clothing is a basic necessity. He asserts that an eighth amendment violation requires solitary confinement and the deprivation of basic necessities done as a punitive measure. Porth argues he fits within these guidelines because he was denied clothing and bedding purely as a punitive measure. He argues that the length of the violation should only affect the amount of damages to which he is entitled.
 
 
 9
 We find that the district court correctly denied the motions for a directed verdict and judgment notwithstanding the verdict. A verdict should be directed when there is only one conclusion as to the verdict, but if " 'reasonable minds could differ as to the importance of the evidence, ... a verdict should not be directed.' " Williams-El v. Johnson, 872 F.2d 224, 228 (8th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 85, 107 L.Ed.2d 51 (1989) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).
 
 
 10
 Generally, whether a constitutional violation occurs is a question of law. United States v. McKines, 933 F.2d 1412 (8th Cir.1991) (en banc). Buffkins v. City of Omaha, Douglas County, Neb., 922 F.2d 465, 470 n. 14 (8th Cir.1990); Pliska v. City of Stevens Point, Wis., 823 F.2d 1168, 1177 (7th Cir.1987); cf. Llaguno v. Mingey, 763 F.2d 1560, 1565 (7th Cir.1985) (en banc) (finding probable cause a jury question when difference of opinion exists), cert. dismissed, 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986); Giordano v. Lee, 434 F.2d 1227, 1230 (8th Cir.1970) (finding factual issue regarding existence of probable cause presents jury question), cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971). Usually the jury will pass on disputed factual questions. Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 489, 78 L.Ed. 882 (1934); Yancey v. Carroll County, Ky., 876 F.2d 1238, 1243 (6th Cir.1989). In cases involving mixed questions of fact and law, however, the jury may be the ultimate decision-maker as to whether a constitutional right has been violated. See Whitley v. Albers, 475 U.S. 312, 333-34, 106 S.Ct. 1078, 1091, 89 L.Ed.2d 251 (1986) (Marshall, J., dissenting).
 
 
 11
 The question of whether the eighth amendment has been violated is a mixed question of fact and law. See Green, 879 F.2d at 308-10. Any constitutional deprivation must demonstrate egregious conduct by the state official to sustain such a finding. See Baker v. McCollan, 443 U.S. 137, 147-48, 99 S.Ct. 2689, 2696, 61 L.Ed.2d 433 (1979) (Blackmun, J., concurring). Here, there should be little doubt that Porth has demonstrated sufficient evidence to overcome the threshold legal question of whether the conduct would justify a factual finding that he has indeed been deprived of his constitutional rights. Once the threshold legal question is obviated it is still a question of fact as to whether the conduct was so egregious as to require compensatory damages. This determination is one of common sense and human experience. In this case, although Porth was without clothes and a mattress for twelve hours, the trial court and this court must review the record in terms of whether he suffered unnecessary and wanton infliction of pain. Rodgers v. Thomas, 879 F.2d 380, 384 (8th Cir.1989). We cannot say that the evidence was so egregious as a matter of law that the court was required to enter a directed verdict.
 
 
 12
 Porth next argues that the district court erred in submitting instruction 9(b) to the jury. The court instructed the jury as follows:
 
 
 13
 Plaintiff next claims that defendants violated his Eighth Amendment rights by depriving him of clothing, a blanket, and a mattress while confined in solitary. Plaintiff's claim is that the conditions of his confinement in solitary violated his Eighth Amendment rights. Placement in solitary is not unconstitutional in and of itself. However, depending upon the circumstances and the conditions of the confinement, it may, in some cases, constitute cruel and unusual punishment. Prison conditions which only result in discomfort do not amount to cruel and unusual punishment.
 
 
 14
 In making your determination as to whether or not the plaintiff's confinement in solitary amounted to cruel and unusual punishment, you must consider the totality of the circumstances involved related to his confinement. You must consider the length of his confinement while without clothing and bedding, the size and physical facilities of the cell in which he was confined, including any provisions for light, heat, and ventilation therein, whether the plaintiff was provided with water, food and eating utensils, along with any necessary medical attention he may have required, and any opportunity he may have had for personal hygiene, sanitation, and exercise, together with the extent of any injury he may have suffered because of those conditions. As you consider the denial of the plaintiff's clothing and bedding to him during the night of October 30-31, 1986, you must also consider whether the denial of his clothing and bedding was done by the officers for good reason in order to control him, to preserve the plaintiff's security or safety, or the security or safety of prison employees or other inmates, or whether it was done to inflict punishment upon him.
 
 
 15
 You must decide whether the conditions of plaintiff's confinement on October 30-31, 1986, violated the evolving standards of decency which mark the progress of a maturing society. You must take into account broad and idealistic concepts of dignity, civilized standards, humanity and decency. If, after having considered all of the circumstances of the plaintiff's confinement in solitary the night of October 30-31, 1986, you are convinced that those circumstances were so inhumane, base, or barbaric so as to shock the sensibilities, then the plaintiff has proven that the conditions of his solitary confinement violated the Eighth Amendment's prohibition against cruel and unusual punishment. Otherwise, he has not.
 
 
 16
 Based upon the totality of circumstances, the jury found no constitutional violation under the eighth amendment. Porth argues that the court erred by submitting the constitutional claim under this instruction.
 
 
 17
 We review jury instructions in their entirety. "[W]e are only required to determine whether the instructions, when taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately present the issues in the case to the jury." Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 906 F.2d 1206, 1212 (8th Cir.1990). We find that the jury instruction in this case was proper. It incorporated the totality of the circumstances test. As the trial court stated, to find a violation of the eighth amendment one must consider all the surrounding circumstances and evaluate in terms of whether the conduct was "so inhumane, base or barbaric so as to shock the sensibilities." See Howard v. Adkison, 887 F.2d 134, 137 (8th Cir.1989). An additional factor under the eighth amendment, in evaluating liability as well as damage, is the extent of injury. Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir.1989); Rodgers, 879 F.2d at 384. This was for the jury to consider as well.
 
 
 18
 When the totality of circumstances are such that the alleged deprivation of a constitutional right must be decided in terms of whether the extent of the conduct was so inhumane, base, or barbaric so as to shock one's sensibilities, we cannot say as a matter of law the eighth amendment was violated, even though the prison officials acted improperly.[3]
 
 
 19
 We find no error in the handling of the trial and affirm the judgment of the district court.
 
 
 20
 Judgment affirmed.
 
 
 
 [1]
 The record shows that prison authorities found there was no penological need to deprive Porth of his clothing and those responsible were so informed
 
 
 [2]
 The behavior of the prisoner leading up to the constitutional deprivation in Wycoff was much more egregious than here. See Wycoff, 572 F.2d at 1264. The prisoner was a dangerous and violent sociopath who was confined in a strip cell after he threatened and assaulted the guards and destroyed his cell. Id
 
 
 [3]
 In deciding whether the lines of decency have been transgressed under the eighth amendment, the court must engage in line drawing. Thus, if Porth was wrongfully stripped of clothing for 30 days or for only one hour, at some point the court's sensibilities as to inhumane treatment might be crossed. The totality of the treatment is a factor. We formulate here a narrow holding: under the totality of circumstances, Porth's treatment, although determined by prison authorities to be wrongful, was not so inhumane, base or barbaric that as a matter of law he must be awarded damages under Sec. 1983. Cf. Whitley, 475 U.S. at 333-34, 106 S.Ct. at 1091 (Marshall, J., dissenting)