**Early JOHNSON, Appellant,**

v.

**Captain BOREANI, Employee, Cummins Unit, Arkansas Department of Correction; Captain Dorsey, Employee, Cummins Unit, Arkansas Department of Correction; Assistant Warden Kerby, Employee, Cummins Unit, Arkansas Department of Correction; Captain Lay, Employee, Cummins Unit, Arkan-**

sas Department of Correction; Sgt. J. Williams; C. Cobb; Assistant Warden Tansy; Lt. Kelly; Sgt. Raney; Sgt. R. Wimberly; Officer C. Proctor, Employee, Cummins Unit, Arkansas Department of Correction; A.L. Lockhart, Director, Arkansas Department of Correction; Willis H. Sargent, Arkansas Department of Correction; Arkansas Department of Correction, Appellees.

Early JOHNSON, Appellant,

v.

C. COBB; Assistant Warden Tansy, Employee Department of Correction; Sgt. T. Williams, Appellees.

Early X JOHNSON, Appellant,

v.

Lt. KELLY; Officer C. Proctor, Employee, Cummins Unit, Arkansas Department of Correction; Sgt. R.E. Rainey; Sgt. R. Wimberly, Appellees.

No. 90–1794.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1991.

Decided Sept. 26, 1991.

Ralph C. Ohm, Little Rock, Ark., for appellant.

David B. Eberhard, Little Rock, Ark., argued (Ann Purvis, on brief), for appellees.

Before FAGG and LOKEN, Circuit Judges, and HAMILTON *, District Judge.

LOKEN, Circuit Judge.

Early Johnson, an Arkansas inmate, appeals the final judgment of the district court[1] dismissing his three consolidated § 1983 actions against various prison officials who confined him to a strip cell on three occasions in 1981 and 1983. Johnson argues that the district court erred in granting summary judgment dismissing his damage claims, and in dismissing his claim for injunctive relief after an evidentiary hearing. We conclude that summary judgment was appropriate because defendants are entitled to qualified immunity, and that Johnson failed to prove he is entitled to injunctive relief. Accordingly, we affirm.

I.

The first two incidents occurred in May 1981 and February 1983. Each time, after creating a disturbance, Johnson was confined for 14–18 hours to a small "quiet" cell with no clothing, bedding or personal materials. After each incident Johnson filed a separate § 1983 complaint. In each case, the district court denied Johnson's

* The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

motion for appointment of counsel, conducted an evidentiary hearing, and concluded that no constitutional violation had occurred. Johnson appealed, and this court remanded both actions for further proceedings, holding that the district court had erred in failing to appoint counsel. *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

The third incident occurred in June 1983, when guards stripped Johnson and removed the bedding and personal materials from his cell because he had spit in a guard's face. Johnson was left in his cell in this condition, in plain view of other inmates and guards, for approximately 36 hours. Johnson filed a third § 1983 complaint challenging this treatment.

The three actions were consolidated following this court's remand, and the consolidated action was set for trial. Defendants moved for summary judgment, alleging that Johnson's damage claims were barred by qualified immunity, and that changed circumstances foreclosed his claim for injunctive relief. The district court granted summary judgment as to the damage claims only. On April 9, 1990, following an evidentiary hearing, the district court held that Johnson had failed to prove the need for injunctive relief and dismissed the action. This appeal followed.

II.

Government officials who are sued for damages under § 1983 for their performance of discretionary functions are entitled to a qualified immunity defense if they prove that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Qualified immunity is a question of law. To avoid subjecting officials to the distraction and deterrence of unnecessary trials, the Supreme Court has emphasized that summary

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom this case was referred by consent of the parties.

judgment should be granted to a § 1983 defendant on qualified immunity grounds "if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact ... violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). *See Green v. White*, 693 F.2d 45, 48 (8th Cir.1982), *cert. denied*, 462 U.S. 1111, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983).

The Supreme Court has acknowledged that application of its "clearly established law" standard is not an easy task:

> The operation of this standard, however, depends substantially upon the level of generality at which the relevant "legal rule" is to be identified. For example, the right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that violates that Clause (no matter how unclear it may be that the particular action is a violation) violates a clearly established right.... [O]ur cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 639–40, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987).

 The eighth amendment prohibits prison conditions that "involve the wanton and unnecessary infliction of pain," or that result "in unquestioned and serious deprivations of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). At the time in question (June 1983 for the third incident), it was clearly established, at least in this circuit, that the eighth amendment

would be violated if a prisoner was confined to a strip cell under conditions sufficiently deplorable as to offend modern standards of human decency. *See, e.g., Wycoff v. Brewer*, 572 F.2d 1260 (8th Cir. 1978). This right, though it involves difficult line drawing in a particular case, was sufficiently particularized to be "clearly established law" for purposes of the *Anderson v. Creighton* analysis. *Compare Boswell v. Sherburne County*, 849 F.2d 1117, 1121 (8th Cir.1988), *cert. denied*, 488 U.S. 1010, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989) (prisoner's right to medical care free of deliberate indifference "was both clearly recognized and clearly contoured before March 1984"). Moreover, reasonable Arkansas prison officials should have known in 1981 and 1983 that confinement of a prisoner in a punitive isolation cell could constitute cruel and unusual punishment "depending on the duration of the confinement and the conditions thereof." *Hutto v. Finney*, 437 U.S. 678, 685–686, 98 S.Ct. 2565, 2570–71, 57 L.Ed.2d 522 (1978). *See also Howard v. Adkison*, 887 F.2d 134, 140 (8th Cir.1989).

Nevertheless, defendants are still entitled to qualified immunity if they could reasonably have believed that their conduct did not violate Johnson's eighth amendment right. *See Creighton v. Anderson*, 922 F.2d 443, 449 (8th Cir.1990); *Arnold v. Jones*, 891 F.2d 1370, 1372–74 (8th Cir. 1989). We consider this the critical question for summary judgment purposes. It requires careful examination of the record before the district court when it granted summary judgment.

Defendants submitted no affidavits in support of their motion for summary judgment. However, the district court record included the transcripts of the evidentiary hearings held in the first two actions prior to our remand. These hearings had initially led the district court to find no eighth amendment violations. Because in most cases it is easier for a § 1983 defendant to establish qualified immunity than to defend against the alleged constitutional violation, and because our remand had expressly left the qualified immunity issue open, *Johnson v. Williams*, 788 F.2d at 1324 n. 5, defen-

dants' summary judgment motion placed a substantial burden on Johnson to demonstrate why defendants did not warrant summary judgment on the qualified immunity issue.

In his affidavit opposing defendants' motion for summary judgment, Johnson set forth his version of the three incidents, admitting that the prison guards gave reasons for their actions on each occasion, but asserting that, in his opinion, the actions were not needed to control him and were in fact punishment. Significantly, although his Amended Complaint had alleged "severe humiliation, degradation, and extreme mental anguish," Johnson's affidavit contained no allegation of pain or other injury resulting from these incidents. *See Rodgers v. Thomas*, 879 F.2d 380, 384 (8th Cir. 1989).[2]

Under these circumstances, we conclude that summary judgment was properly granted on the qualified immunity issue. Based on the case law prior to 1981, defendants could reasonably have believed that their conduct did not violate Johnson's eighth amendment right. The Supreme Court had recently noted that prison officials have considerable discretion in preserving order and discipline and controlling recalcitrant inmates such as Johnson. *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). A district court opinion in the lengthy litigation over prison conditions in Arkansas had acknowledged that use of punitive isolation was constitutional under appropriate conditions. *Finney v. Hutto*, 410 F.Supp. 251, 278 (E.D.Ark.1976). And, most importantly, the conditions of Johnson's strip cell confinements, particularly their relatively short duration, were in marked contrast to the conditions in the few cases in which eighth amendment violations had been found. *See Maxwell v. Mason*, 668 F.2d 361, 364–65 (8th Cir.1981); *Wycoff v. Brewer*, 572 F.2d 1260 (8th Cir.1978). The absence of injury evidence in the record confirms that defendants could reasonably have believed that these conditions had not subjected Johnson to the wanton infliction of pain or serious physical injury.

■ Johnson argues on appeal, as he did to the district court, that defendants are not entitled to qualified immunity because he had an absolute eighth amendment right not to be put in a cell without clothes or bedding for the purpose of controlling his behavior. If that was the clearly established law, we might agree. But that was not the law in 1981 or 1983; indeed, it is not the law today. As we recently held, the eighth amendment is violated in strip cell cases only if, after viewing the totality of the circumstances, including the extent of plaintiff's injuries, the fact finder concludes that defendant's conduct "was so inhumane, base, or barbaric so as to shock one's sensibilities." *Porth v. Farrier*, 934 F.2d 154, 157 (8th Cir.1991). As *Porth* graphically illustrates, not every use of a strip cell for control purposes will violate that standard.

■ Finally, Johnson argues that defendants are not entitled to qualified immunity because their conduct was inconsistent with the Arkansas Adult Long–Term Detention Facilities Minimum Standards ("Minimum Standards").[3] This argument

---

**2.** The requirement that an eighth amendment claimant prove unnecessary and wanton infliction of pain is "applied with due regard for differences in the kind of conduct" being challenged. *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). In this case, because it was Johnson's repeated outbursts and disruptions that created security problems and provoked the challenged conduct, we think the wanton infliction of pain standard requires more than proof of embarrassment or short-term discomfort. *Compare Scher v. Engelke*, 943 F.2d 921 (8th Cir.1991).

**3.** The Minimum Standards were promulgated in December 1975 by the Adult Criminal Detention Facilities Board and provided in relevant part:

(D) *Protection Against Personal Abuse:* Offenders have the right to be free from personal abuse by correctional staff or other offenders. The following shall be prohibited:

\* \* \* \* \* \*

4. Any deprivation of clothing, bed and bedding, light, ventilation, heat, exercise, balanced diet or hygienic necessities.

\* \* \* \* \* \*

6. Infliction of mental distress, degradation or humiliation.

Chapter VII, § 6–1002(D).

was expressly rejected in *Davis v. Scherer,* 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984). " 'Where neither the constitutional right nor the constitutional cause of action is expressly created by the terms of a regulation or statute, officials do not forfeit qualified immunity solely by failing to comply with the provisions of that statute or regulation.' " *Arcoren v. Peters,* 829 F.2d 671, 677 (8th Cir.1987) (en banc), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1290, 99 L.Ed.2d 500 (1988), quoting *Culbreath v. Block,* 799 F.2d 1248, 1250 (8th Cir.1986). Here, the general pronouncements in the Minimum Standards, even if binding upon defendants,[4] were plainly *not* tantamount to a violation of the eighth amendment prohibition against cruel and unusual punishment. Thus, they are essentially irrelevant to the qualified immunity question.

For all the above reasons, we conclude that, on the record before the district court, summary judgment was not only appropriate but necessary to achieve the purposes of the qualified immunity defense. *See Anderson v. Creighton,* 483 U.S. at 638–641, 107 S.Ct. at 3038–39.

## III.

■ Johnson also attacks the second phase of the district court proceedings on remand, arguing that he is entitled to an injunction prohibiting defendants "from stripping inmates in the quiet cell for control purposes," and requiring that defendants keep better records of such confinements. However, Johnson's proof at the evidentiary hearing fell far short of justifying such equitable relief. In addition to his testimony as to the three incidents that occurred eight to ten years ago, Johnson presented inconclusive evidence as to how often and under what conditions inmates have been subjected to such confinements in recent years. On the other hand, defendants introduced written prison policies and testimony by prison officials concerning present practices. This evidence satisfied the district court that defendants at present are making a good faith effort to enforce policies designed to ensure that the quiet cells are used in a constitutional manner.

The starting point in considering whether to grant injunctive relief is whether Johnson proved that his eighth amendment rights were violated. At the evidentiary hearing, Johnson described the third incident, which the district court considered more unnecessarily punitive than the first two. Otherwise, Johnson presented little if any evidence as to the relevant conditions of confinement beyond what was before this court in *Johnson v. Williams.* Even if this was enough to show that his eighth amendment rights were violated by one or more of the three incidents in question, he is not entitled to injunctive relief unless he also proved that these problems of the past would likely recur unless enjoined. *See DeGidio v. Pung,* 704 F.Supp. 922, 960 (D.Minn.1989), *aff'd,* 920 F.2d 525 (8th Cir. 1990). We agree with the district court that Johnson simply made no such showing.

Individual plaintiffs "are not eligible for injunctive relief merely on the basis of past conduct." *Sterling v. Calvin,* 874 F.2d 571, 572 (8th Cir.1989). This is particularly true in cases "dealing with the complex and intractable problems of prison administration" because the entry of unnecessary or overbroad injunctions would "leave too little discretion in the hands of prison officials who must deal with the very difficult issues of security within their institutions." *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir.1982), citing *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). That danger is well illustrated here, for it is clear that the specific injunction requested by Johnson would place more rigid restrictions on defendants' use of the quiet cell than the eighth amendment requires. Under these circum-

---

**4.** The record does not establish whether the Minimum Standards were binding upon prison officials such as defendants, and the statute under which they were developed, which has since been repealed, leaves this question in doubt. *See* Ark.Stat.Ann. §§ 46–1204, 1205 (1977), *repealed by* Act 1983, No. 741, § 12, effective July 1, 1983.

stances, injunctive relief was properly denied.

For the above reasons, the judgment of the district court is affirmed.