972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James Bryant PHIFER, Appellant,
v.
A.L. LOCKHART, M.C. Reed, Willis H. Sargent, Appellees.
 No. 91-3748.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 9, 1992.
Filed: July 15, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Bryant Phifer, a former Arkansas inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 action. Phifer brought this action against three Arkansas Department of Correction officials alleging that he was forced to work as an inmate watch tower guard in violation of the Eighth Amendment.
 
 
 2
 The district court, after thoroughly reviewing the record, including the tape of an evidentiary hearing before the magistrate judge,[2] found "that [Phifer], as tower guard, was vested with some discretion and control over other inmates, and that [Phifer's] Eighth Amendment rights were violated." The district court then concluded that defendants were entitled to qualified immunity because they had relied in good faith on Finney v. Mabry, 546 F. Supp. 628, 636 (E.D. Ark. 1982) (use of inmates as tower guards was not violative of the Constitution where no evidence was presented in support of claim that the practice was unconstitutional). The district court, however, placed defendants "on notice that to allow an inmate the discretion and control over other inmates as was given to [Phifer] will, in the future, expose them to potential liability."
 
 
 3
 Defendants are entitled to qualified immunity if they could reasonably believe their conduct did not violate a clearly established right. See Johnson v. Boreani, 946 F.2d 67, 69 (8th Cir. 1991). The district court correctly concluded that, based upon the prior case law, defendants could reasonably have believed their conduct was constitutional. Phifer's argument that the magistrate judge denied him due process is without merit.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States Senior District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas