820 F.Supp. 458 (1993)
Ralph CHILDRESS, Plaintiff,
v.
Paul DELO, et al., Defendants.
No. 91-1802C(6).
United States District Court, E.D. Missouri, E.D.
May 13, 1993.
*459 Ralph Childress, pro se.
Brian E. McGovern, Kelly M. Brown, McCarthy and Leonard, Chesterfield, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion for summary judgment and plaintiff's response thereto.
Plaintiff Ralph Childress brings this action against employees of Potosi Correctional Center (PCC), alleging violations of 42 U.S.C. § 1983. On March 4, 1991, an altercation occurred when correctional officers instructed several inmates to remove the gang colors displayed in the dining room. As many as ten guards were injured. Concerned for prison security, defendants imposed certain restrictions on all inmates in that entire administrative segregation unit. In particular, on March 12, 1991, Childress was removed from his cell and placed in cuffs while some of the defendants removed his property, including his hard-bound Koran, law books, clothing and shoes. Each inmate was allowed to retain only those items set forth in Institutional Procedure IS21-1.2, which specifies that each inmate shall be *460 afforded basic hygiene items, bedding and clothing. Other restrictions on group religious services, school attendance and recreational privileges were also imposed. Despite these restrictions, inmates were permitted visits from the prison chaplain.
Childress filed an Informal Resolution Request (IRR) seeking another copy of the Koran. He maintained that the prison chaplain was unresponsive to his request for a Koran. Defendant Fred Johnson responded that all requests for a soft-back Koran made to the chaplain are forwarded to the institutional library, but that the library had no record of a request from Childress. In any event, Johnson advised Childress that he could contact the library directly via a library request form and receive a soft-back Koran. Childress never contacted the library.
Childress also contends that he developed a foot fungus because defendants took his hard soled shoes, leaving him with only a pair of flip-flop sandals. On April 2, 1991, Childress filed a Medical Service Request form (MSR) complaining about excessive dry skin on his feet. On that same day, a nurse assessed his condition. He was seen by a physician on April 4, 1991. Desenex powder and good personal hygiene were prescribed. Childress received the powder on April 10, 1991. On April 13, 1991, he was transferred to another institution.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).[1]
The "`due process rights of prisoners and pretrial detainees [against the deprivation of their property without due process of law] are not absolute; they are subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution.'" Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir.1984) (citing Bell v. Wolfish, 441 U.S. 520, 554, 99 S.Ct. 1861, 1882, 60 L.Ed.2d 447 (1979)). The directive to remove all inmate property except that authorized under an institutional policy, IS21-1.2, which includes one set of clothing, bedding and personal hygiene products, was issued for security reasons. The altercation that triggered the need for heightened security resulted from the displaying of "gang" colors. Defendants concluded it necessary to remove all but the most basic items from the prisoners. Childress contends that defendants must prove that each confiscated item of property was used to violate institution rules. The Constitution imposes no such requirement, however, and it would be inappropriate for the Court to substitute its "judicial judgment for that of the expert prison administrators" on a matter of security such as the one present here. See Bell, 441 U.S. 520 at 554, 99 S.Ct. 1861 at 1882.
Childress also asserts that his Eighth Amendment rights were violated. Conduct "so inhumane, base or barbaric so as to shock the sensibilities" violates the Eighth Amendment's prohibition against cruel and unusual punishment. Porth v. Farrier, 934 F.2d 154, 157 (8th Cir.1991). The deprivation of property at issue herein could not support a verdict for Childress. Childress retained bedding, one set of clothing and basic hygiene products. Childress may have developed a foot fungus, but this condition was promptly treated. Considering the nature of Childress' ailment and defendants' timely response to his complaints, defendants were not deliberately indifferent to a serious medical *461 need. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (Eighth Amendment violation requires showing "deliberate indifference to serious medical needs"); Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir.1990) (same).
With regard to Childress' First Amendment claim, the law provides that an inmate's exercise of freedom of religion may be restricted by the reasonable requirements of prison security. Otey v. Best, 680 F.2d 1231, 1234 (8th Cir.1982). Once the prison officials have produced evidence that the restriction placed on an inmate's religious freedom was in response to a security concern, the burden shifts to the inmate to show by substantial evidence that the prison officials' response was exaggerated. Id. at 1233. Prison officials are accorded much discretion in dealing with security matters in the prisons. Little v. Norris, 787 F.2d 1241, 1244 (8th Cir.1986).
In response to a legitimate security concern, defendants suspended all group activities, not merely religious services. The record contains no indication that the security concern was exaggerated or unwarranted. Moreover, during this period, not all religious activities were prohibited. The inmates were permitted to request visits from the prison chaplain. Childress' hard-bound Koran was confiscated but at all times he could have requested and received a soft-back Koran, yet he did not make the appropriate request. The limitations on group religious services and religious materials were reasonable and did not violate Childress' constitutional rights.
His allegations regarding the temporary deprivation of recreation privileges likewise fails. Although an inmate confined to his cell for more than sixteen hours per day shall "ordinarily be given the opportunity to exercise for at least one hour per day outside the cell," there does not exist a "per se rule that all inmates must always be given one hour per day exercise outside their cells no matter what their status or the other circumstances of the case." Leonard v. Norris, 797 F.2d 683, 685 (8th Cir.1986). "Courts should intervene only when firmly convinced that the Constitution has been violated." Id. Under the facts of this case, Childress' claim is subject to summary judgment.

ORDER AND JUDGMENT
Pursuant to the memorandum filed on this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion for summary judgment is granted.
NOTES
[1] To the extent Childress intended to assert a claim for denial of access to courts because his legal materials were confiscated, his claim fails because he does not allege any prejudice or actual injury as a consequence thereof. McMaster v. Pung, 984 F.2d 948 (8th Cir.1993).