Bobby Lee **GRIFFIN**, Appellee,

v.

George A. **LOMBARDI**; Dick D. Moore; Jim M. Jones; Nikki Nicks; Terry Barnes; James A. Gammon, Appellants.

No. 90–2657.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided Oct. 15, 1991.

Rehearing and Rehearing En Banc Denied Nov. 25, 1991.

Joseph P. Whyte, Jefferson City, Mo., argued (Paul M. Rauschenbach, on brief), for appellants.

Thomas P. Danielsons, Hannibal, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and HENLEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

George Lombardi and other officials of the Missouri Department of Corrections appeal from orders denying their motions for summary judgment on Bobby Lee Griffin's 42 U.S.C. § 1983 (1988) action. Griffin claimed that the prison authorities' refusal to deliver his original diploma earned from the Platte Junior College in a paralegal course and his original grade transcript denied his right to receive mail in violation of the first, fourth, and fourteenth amendments to the Constitution. On appeal, the officials argue that the magistrate judge[1] erred in denying their summary judgment motion because Griffin has no federally protected right to receive an original diploma or grade transcript when he has received a copy of it. The officials also argue that the magistrate judge erred in denying their summary judgment motion based on qualified immunity. We affirm.

Griffin is an inmate at the Missouri Training Center for Men at Moberly, Missouri, and successfully completed a paralegal program at Platte Junior College. The College mailed Griffin his diploma and grade transcript. Nikki L. Nicks, a caseworker at Moberly, informed Griffin that prison regulations prohibited inmates from possessing original diplomas and grade transcripts, and provided him with a copy of both. Nicks also told Griffin that he would be given the originals when he was released from custody, and she offered to send the originals to his family. Griffin

---

1. The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

wrote a letter to James A. Gammon, Assistant Superintendent at Moberly, complaining about the prison policy and the action taken, and after receiving Gammon's response, Griffin filed a formal grievance. Jimmy M. Jones, superintendent of the Moberly Correctional Center, affirmed the actions of Nicks and of Terry Barnes, mailroom supervisor, in refusing to give the original documents to Griffin. Griffin appealed Jones' decision to George A. Lombardi, Director of the Division of Adult Institutions, who affirmed the actions taken. Following an unsuccessful appeal to Dick D. Moore, Director of the Missouri Department of Corrections and Human Resources, Griffin filed this action naming all of these officials as defendants.

The officials filed a summary judgment motion, arguing that the policy prohibiting inmates from possessing original diplomas and transcripts was rationally related to the legitimate purpose of preventing forged documents within the prison. The officials did not support their motion with affidavits. The district court denied the motion on the recommendation of a magistrate judge. The magistrate judge discussed the four factors set forth in *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 2261–63, 96 L.Ed.2d 64 (1987), for determining the reasonableness of prison regulations. *Griffin v. Lombardi*, No. 88–101C slip op. at 2–4 (E.D.Mo. Mar. 21, 1990). Because of the lack of affidavits, the magistrate judge concluded that a question of fact existed as to the connection between Griffin having his diploma and the regulation designed to prevent forgery. *Id.* at 3. The magistrate judge also denied the motion because the officials failed to fully address the factors set forth in *Turner*. *Id.*

The officials then supplemented their summary judgment motion with an affidavit outlining the purposes underlying the policy prohibiting inmates from possessing original documents, and raised the alternative ground of qualified immunity. The affidavit stated that allowing original documents in the prison could lead to illegal trade in forged documents, and explained that such trade could lead to violence within the prison. The affidavit also stated that inmates could use forged certificates to give a false picture of themselves to the Board of Probation and Parole and could be used by one or more unqualified inmates to obtain jobs as inmate law clerks. Appellant Jones, who executed the affidavit, also stated that during his 20 years of service at Moberly, he found inmates capable of forging various documents.

In response, Griffin submitted affidavits from a number of other inmates who had completed the paralegal program at Platte Junior College. Steve Morgan affied that he possessed his original diploma and transcript while incarcerated at Moberly, and that he knew approximately 19 other inmates who had received original diplomas and transcripts while at the Missouri State Penitentiary. Robert Gallimore, also an inmate at Moberly, stated that he received his original diploma and grade transcript while incarcerated at the Missouri State Penitentiary, and when transferred to Western Missouri Correctional Center and then to Moberly, he was allowed to retain the original diploma and transcript. John Newman, also an inmate at Moberly, stated that he had received his original diploma and transcript while incarcerated at the Missouri State Penitentiary, and was allowed to retain these documents through transfers to the Ozark Correctional Center and Moberly. Andrew Funkhauser testified that he had received two diplomas and transcripts in graduation ceremonies at the Missouri State Penitentiary in the presence of the Deputy Warden, and that he was allowed to keep the originals upon his transfer to Moberly.

The magistrate judge again recommended denial of the prison officials' summary judgment motion, and the district court adopted the magistrate judge's recommendation. *Griffin v. Lombardi*, No. N88–101C, slip op. at 1 (E.D.Mo. Sept. 21, 1990). The officials appealed.

The officials argue that the court erred in denying their motion for summary judgment based on qualified immunity. Government officials who are sued for

damages under section 1983 for their performance of discretionary functions are entitled to a qualified immunity defense if they prove that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Summary judgment should be granted on qualified immunity grounds "if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact ... violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). The denial of a summary judgment motion raising the issue of qualified immunity is immediately appealable under *Mitchell*, 472 U.S. at 530, 105 S.Ct. at 2817, and we have held that when there is a closely related question of law, we will also consider the merits of the appeal. *Drake v. Scott*, 812 F.2d 395, 399 (8th Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987).

Our first inquiry is whether the prison officials violated clearly established law of which a reasonable person would have known by withholding Griffin's original diploma and grade transcript.

■■■ We have no difficulty concluding that at the time the Missouri Correctional authorities confiscated Griffin's original diploma and transcript, the law was clearly established that Griffin had a right to delivery of his mail. Prison inmates have a recognized first amendment interest in receiving mail. *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Thornburgh v. Abbott*, 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989). Prisoners are also subject to the valid regulations of a prison. If a prison regulation impinges on prisoners' constitutional rights, the validity of the regulation will rest on whether the regulation is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482

U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). In *Turner*, the Court set forth four factors to be considered in determining the reasonableness of a prison regulation. A court must consider: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmates; (3) the impact that accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether any "ready alternatives" exist to the prison regulation. *Id.* at 89–90, 107 S.Ct. at 2261–62. *Thornburgh*, 490 U.S. at 407–14, 109 S.Ct. at 1878–82 (limiting *Procunier*, 416 U.S. 396, 94 S.Ct. 1800, to outgoing correspondence and applying reasonableness standard to incoming correspondence from outsiders).

At the time the officials withheld Griffin's transcript and diploma, this circuit had also recognized a prisoner's right to receive mail subject to valid prison regulations. For example, in *Murphy v. Missouri Department of Corrections*, 814 F.2d 1252 (8th Cir.1987), this court held that a prison mail policy which operated as a total ban on Aryan Nations materials violated prisoner's first amendment rights. *See also Valiant–Bey v. Morris*, 829 F.2d 1441, 1444 (8th Cir.1987) (prisoner's allegations concerning prison mail handling sufficient to state a claim under Section 1983).

■■■ Even though the law concerning a prisoner's right to receive mail is clearly established, the officials may still be entitled to qualified immunity if the officials reasonably could have believed that their conduct did not violate Griffin's constitutional rights. *See, e.g., Johnson v. Boreani*, 946 F.2d 67, 70 (8th Cir.1991); *Johnson v. Hay*, 931 F.2d 456, 461 (8th Cir. 1991).

The conflicting affidavits before the district court raise the question of whether the officials could have reasonably believed that they were not violating Griffin's first

amendment rights.[2] After the officials filed their second summary judgment motion, Griffin filed affidavits demonstrating that numerous other inmates at Moberly possessed their original diplomas and transcripts, and that several other Missouri correctional institutions allowed inmates to receive original diplomas and transcripts. The conflicting affidavits before the district court raised a genuine issue of fact as to whether the officials could have reasonably believed that they were not violating Griffin's first amendment rights. *Hay,* 931 F.2d at 462; *cf. Boreani,* 946 F.2d at 70–71. Accordingly, the district court properly denied the officials' motion for summary judgment on the officials' claim of qualified immunity. Further, the conflicting affidavits we have discussed above demonstrate the existence of unresolved factual issues with respect to the merits of the claim and necessitate trial.

Our responsibility in reviewing cases involving prison regulations requires that we express no judgment as to the desirability of those policies. We can only say that the conflict between the policies described in the affidavits ultimately filed by prison officials, and the practices followed with respect to other inmates and at other penitentiaries, should give the officials some pause.

We affirm the district court order denying summary judgment and remand for trial.

---

**2.** We also conclude that the district court did not err in denying the officials' first motion for summary judgment. The motion attached copies of certain of the memoranda and regulations dealing with the prison officials' decision in this case and Griffin's grievances. It pointed primarily to the allegations and claims in Griffin's complaint. Such a motion is authorized under Fed.R.Civ.P. Rule 56(a). *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As the magistrate judge stated in his report and recommendation, which the district court adopted, however, the motion did not fully address the merits of the *Turner* inquiry.