Larry KUHNERT, Appellant,

v.

JOHN MORRELL & COMPANY MEAT PACKING, INC., a Delaware Corporation, Appellee.

No. 92–3558.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1993.

Decided Sept. 15, 1993.

---

Mark F. Marshall, Rapid City, SD, argued (Allen G. Nelson, on the brief), for appellant.

Michael S. McKnight, Sioux Falls, SD, argued (James E. McMahon, on the brief), for appellee.

Before McMILLIAN, FAGG and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Larry Kuhnert appeals from a final order entered in the United States District Court [1] for the District of South Dakota granting summary judgment in favor of John Morrell & Co. Meat Packing, Inc. (Morrell). *Kuhnert v. John Morrell & Company Meat Packing, Inc.*, No. Civ. 91-4112 (D.S.D. Oct. 20, 1992) (order). For reversal, Kuhnert argues that the district court erred in granting summary judgment because whether an intentional tort had been committed is a matter of fact for the fact-finder to determine, not the court. For the reasons discussed below, we affirm the judgment of the district court.

## BACKGROUND

Kuhnert works in the laundry at Morrell and was severely burned when hot water in one of the washers backsplashed. Kuhnert applied for and received worker's compensation benefits as a result of his injuries. He then brought this tort action in federal court against Morrell, asserting that he could avoid the exclusivity provisions of South Dakota's worker's compensation law, because he had been intentionally injured.

In response, Morrell moved for summary judgment arguing that Kuhnert was injured during the course of his employment and, therefore, his exclusive remedy was worker's compensation benefits. The district court granted Morrell's motion for summary judgment and dismissed Kuhnert's complaint with prejudice. This appeal followed.

## DISCUSSION

We review a district court's grant of summary judgment de novo, *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992), applying the same standards used by the district court. *Thelma D. by Delores A. v. Board of Educ.*, 934 F.2d 929, 932 (8th Cir.1991). The question that we must answer is whether the record, when examined in the light most favorable to the non-moving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (*Anderson*); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990).

To successfully oppose a motion for summary judgment, the non-moving party need not prove in its favor an issue of material fact; all that is required is sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. at 2510 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1969)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.... Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510.

Kuhnert's argument on appeal is that the district court erred in granting Morrell summary judgment because he showed that a

[1]. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

genuine issue of material fact existed, that is, whether Morrell intended to injure him because Morrell had prior knowledge that the washers had in the past backsplashed hot water and badly burned laundry workers. He also argues that OSHA had cited Morrell for maintaining a hazardous condition in the workplace as a result of the defective washers. Thus, Kuhnert argues that an injured worker may fall within the intentional tort exception to the exclusivity provision of South Dakota's worker's compensation statute if that worker shows that an ordinary, reasonable, prudent person would believe an injury was substantially certain to result from his or her conduct. He argues that in cases where the fact-finder must apply the standard of a reasonable person summary judgment is not appropriate.

Morrell argues that Kuhnert failed to allege facts that plausibly demonstrate an actual intent by Morrell to injure him or a substantial certainty that his injury would be the inevitable outcome of Morrell's conduct. Therefore, Morrell argues the district court correctly granted its summary judgment motion. We agree.

■ As a preliminary matter, we note that we review de novo the district court's determination of state law. *Salve Regina College v. Russell,* 499 U.S. 225, 231–32, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). South Dakota's worker's compensation law provides in part:

> The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death against his [or her] employer or any employee, partner, officer, or director of such employer, *except rights and remedies arising from intentional tort.*

S.D. Codified Laws Ann. § 62–3–2 (1978) (emphasis added).

The South Dakota Supreme Court has recognized that its worker's compensation law has a dual purpose. In the first instance the law provides an injured employee a remedy · which is both expeditious and independent of proof of fault. *Shearer v. Homestake Min. Co.,* 557 F.Supp. 549, 552 (D.S.D.1983) (*Shearer*), *aff'd,* 727 F.2d 707 (8th Cir.1984); *Brazones v. Prothe,* 489 N.W.2d 900, 905–06 (S.D.1992) (*Brazones* ). Secondly, the law provides "employers a liability which is limited and determinate." *Shearer,* 557 F.Supp. at 552.

■ Under South Dakota law the intentional tort exception to worker's compensation exclusivity is construed narrowly. *Jensen v. Sport Bowl, Inc.,* 469 N.W.2d 370, 372 (S.D.1991). Thus, in order to establish a cause of action under South Dakota's intentional tort exception, *"more than knowledge and appreciation of risk is necessary;* the known danger must ... become a substantial certainty." Moreover, the injured worker "must also allege facts that plausibly demonstrate an actual intent by the employer to injure or a substantial certainty that injury will be the inevitable outcome of the employer's conduct." *Id.*

We have carefully considered the record in the light most favorable to Kuhnert as the party opposing the summary judgment and hold that Kuhnert failed to establish the existence of a genuine issue of material fact with respect to his intentional tort claim. While the record indicates that Morrell knew that other employees had been burned in the past by hot water backsplashing out of the washers and that OSHA had issued Morrell a citation because of Morrell's failure to keep the workplace free of hazards to which its employees were exposed due to these incidents, these facts do not allege the elements necessary for an intentional tort cause of action and therefore do not fall within the exception for intentional torts provided in S.D. Codified Laws Ann. § 62–3–2.

Under South Dakota law "intent pointedly means intent," *Brazones,* 489 N.W.2d at 906, and the fact that Morrell knew that the washers had in the past backsplashed hot water and burned some workers and that Morrell had failed to take any corrective measures does not indicate that Morrell intended to burned them or Kuhnert. In addition, although it may have been foreseeable

to a reasonable person that the washers could backsplash and burn someone, it was by no means substantially certain that the washers would backsplash hot water. *See VerBouwens v. Hamm Wood Prod.*, 334 N.W.2d 874, 876 (S.D.1983). Only when not properly operated did the washers backsplash hot water and then only occasionally did the hot water burn anyone.

Accordingly, the judgment of the district court is affirmed.