12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Carl FRANKLIN, Appellant,
v.
AMERICAN MEDICAL SYSTEMS, INC., Appellee.
 No. 93-2163.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 17, 1993.
Filed: December 8, 1993.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Franklin appeals the district court's[1] grant of summary judgment in favor of defendant in his products liability action. We affirm.
 
 
 2
 Franklin brought this diversity action against American Medical Systems (AMS), alleging that AMS was strictly liable for selling a defective penile prosthesis that was implanted in Franklin following prostate cancer surgery. Franklin also sought recovery on theories of failure to warn and for breach of implied warranty. The district court granted AMS summary judgment, determining that Franklin had not established a genuine issue of material fact to be resolved at trial.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kuhnert v. John Morrell & Co. Meat Packing, No. 92-3558, 1993 WL 347126, at * 1 (8th Cir. Sept. 15, 1993). We must determine whether the record, when examined in the light most favorable to the non-moving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990). To successfully oppose a motion for summary judgment, the non-moving party must present sufficient evidence of a dispute over facts that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). As this is a diversity case, Missouri products liability law controls, and we review state law questions de novo. Sperry v. Bauermeister, Inc., No. 92-3626, 1993 WL 328402, at * 1-2 (8th Cir. Sept. 1, 1993).
 
 
 4
 Under Missouri law, a plaintiff seeking to recover in strict liability for defective design must prove that (1) the product was defective and unreasonably dangerous when put to a reasonably anticipated use, and (2) the plaintiff suffered damage as a direct result of the defect. Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 505 (8th Cir. 1993). The plaintiff bears the burden of proving a product defect and can do so through inferences from circumstantial evidence with or without expert testimony. Helm v. Pepsi-Cola Bottling Co. of St. Louis, 723 S.W.2d 465, 469 (Mo. Ct. App. 1986). However, the inferences must be reasonably probable, "without resorting to guesswork or speculation." White v. Thomsen Concrete Pump Co., 747 S.W.2d 655, 661 (Mo. Ct. App. 1988).
 
 
 5
 Franklin argues only that the district court erred in granting AMS summary judgment because "substantial circumstantial evidence" establishes a dispute of material fact as to whether the prosthesis was defective because it leaked and failed to function properly. Franklin cites the deposition testimony of his physician, Dr. Mitchell, that "I think by definition if it leaks the device doesn't work." Franklin's reliance on Mitchell's deposition, however, is misplaced. Mitchell also stated that he did not believe the prosthesis had a design defect. Even after the device was surgically removed, Franklin presented no evidence to support, even by inference, his assertion that the implant was defective. Franklin has failed to meet his burden because the jury would have been forced to speculate as to the cause of the leakage, and therefore, summary judgment was appropriate. White, 747 S.W.2d at 661; cf. Hughes v. American Jawa, Ltd., 529 F.2d 21, 24-25 (8th Cir. 1976) (even though expert's testimony was attenuated and without additional support, summary judgment was not appropriate because expert did state that a design defect existed).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri