**Khamfeuang THONGVANH, Appellee/Cross Appellant**

v.

**John A. THALACKER, Mike Lambert and Larry Brimeyer, Appellants/Cross Appellees.**

Nos. 93–1788, 93–1966.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1993.

Decided Feb. 22, 1994.

---

Counsel who presented argument on behalf of the appellant was Kristin Wright–Ensign, AAG, of Des Moines, IA.

Counsel who presented argument on behalf of the appellee was David L. Takes of Waterloo, IA.

Before JOHN R. GIBSON,* Senior Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge and WOODS,** District Judge.

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

HENRY WOODS, District Judge.

Khamfeuang Thongvanh is an inmate in the Iowa Men's Reformatory (IMR), Anamosa, Iowa. He filed this 42 U.S.C. § 1983 action challenging the IMR rule that all his correspondence—both in-coming and out-going—be in English, except for correspondence with his parents and grandparents. He alleged that the ban on non-English correspondence violated his rights to free speech, due process and equal protection. The jury returned a $4,000 verdict for the plaintiff, from which the defendants appeal. The plaintiff has cross appealed the district court's decision to enter judgment for $2,000 rather than $4,000, as well as the district court's denial of his motion for a new trial on the issue of damages only.

Khamfeuang Thongvanh, a native of Laos, speaks some English, but his primary language is Lao.[1] His parents and grandparents speak no English; other family members speak English at varying levels of fluency. The IMR has a general rule that all written communications between inmates and persons in the free world be in English. The purpose of this policy is to promote security by allowing prison officials to monitor prisoner mail so that they may be alert to escape plans or other unlawful activity. The plaintiff does not dispute the legitimate governmental interest in monitoring prisoner mail.

Spanish-speaking inmates are excepted from the "English only" policy and are allowed to correspond in Spanish because an IMR employee, fluent in Spanish, is readily available to translate. Other exceptions have been made to the policy. The plaintiff, himself, was granted permission to correspond with his parents and grandparents in Lao. Arrangements were made to send this excepted correspondence to the Iowa Refugee Service Center in Des Moines, Iowa, for translation.

The defendants contend that the district court erred in denying their motion for judgment as a matter of law and in refusing to grant their motion for new trial. We review the district court's denial of a motion for judgment as a matter of law de novo, affirming if "the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict." Caudill v. Farmland Industries, Inc., 919 F.2d 83, 86 (8th Cir. 1990). Our review is limited to whether evidence introduced by the non-moving party, together with all reasonable inferences to be drawn from that evidence, was sufficient to create an issue of fact for the jury. Standley v. Chilhowee R–IV School Dist., 5 F.3d 319, 323 (8th Cir.1993).

■ We begin our analysis of the "English only" policy by acknowledging the delicate balance required to weigh the constitutional rights of inmates against legitimate regulations imposed by those charged with the "inordinately difficult task of operating a prison." Quinn v. Nix, 983 F.2d 115, 118 (8th Cir.1993). It is settled law that convicted persons "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979). "Inmates clearly retain protections afforded by the First Amendment." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). This includes the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); Griffin v. Lombardi, 946 F.2d 604 (8th Cir.1991). Conversely, prison officials have a duty to maintain security within the prison, and this may include reading

---

1. There is some conflict in the record as to Mr. Thongvanh's proficiency in English. However, there is no dispute that English is his second language, and that he is more comfortable and fluent in Lao.

inmates' incoming and outgoing mail, with the exception of legal mail.

We have previously held that claims involving inmate mail—both incoming and outgoing—must be measured against the standard set out in *Turner*. *Smith v. Delo*, 995 F.2d 827, 830 (8th Cir.1993). The resolution turns on this question: Is the regulation reasonably related to a legitimate penological interest? The *Turner* Court listed four factors to be considered: (1) whether there is a valid rational connection between the regulation and the legitimate government interest it purports to further; (2) whether the inmate has an alternative means of exercising his constitutional right; (3) the impact that accommodation of the inmate's right would have upon others, including inmates as well as non-inmates; and (4) the absence of a ready alternative to the regulation.

In this case, there was evidence that one German-speaking and several Spanish-speaking inmates were excepted from the "English only" rule. While translating these letters was certainly more convenient for the IMR than correspondence in Lao, there was a ready alternative with respect to translating Lao correspondence at the Iowa Refugee Service Center. There was no explanation as to why all correspondence in Lao could not have been routed through the Refugee Service Center. Prison officials testified that the Lao-to-English translation service provided by the Refugee Service Center was cost-free to the IMR. Furthermore, testimony of prison officials was that, while all correspondence was scanned and checked for contraband, only randomly selected letters—whether in English or another language—were actually read by prison officials.

The defendants assign error to the fact that the district court refused to permit them to introduce evidence that the plaintiff's brother presented a special security risk which, in part, accounted for the different

treatment afforded the plaintiff. However, defendants made no proffer as to what the evidence would have been. Thus, the record of the error, if it was error, was not preserved for our consideration. Furthermore, the defendants failed to raise this point in their motion for new trial. Even if the plaintiff's brother had created a security risk, it is unclear why the "English only" rule could not have been applied to correspondence with that one brother.[2]

From this evidence, we cannot say that the defendants were entitled to judgment as a matter of law. The plaintiff presented sufficient evidence that reasonable jurors could find: (1) that his first amendment right to free expression was unreasonably abridged; (2) that the decision to permit only his parents and grandparents to correspond in Lao was arbitrary and not reasonably related to a legitimate government interest; and (3) that the plaintiff was not treated the same as similarly situated (Spanish and German-speaking) inmates.

Nor did the district court abuse its discretion in denying the defendant's motion for new trial. The defendants urge two grounds for a new trial. First, they contend that the district court erroneously excluded testimony regarding the special security risk posed by the plaintiff's brother. As noted above, no proffer was made and we cannot consider that exclusion.

Second, the defendants argue that the verdict was against the weight of the evidence. The substance of defendant's argument relates to the district court's function in considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, and not to the functions of this court in reviewing such a ruling. We have held that the denial of a motion for a new trial on this basis is virtually unassailable on appeal, and perhaps should not be reviewable at all by an appellate court. We have also suggested that such an argument raises significant Seventh Amendment ques-

2. We note that the plaintiff was permitted to speak in Lao, by telephone and in face-to-face visits, with the brother in question as well as with others.

tions, and a party asserting such argument should be prepared to deal with such Seventh Amendment questions. *See Green v. American Airlines, Inc.,* 804 F.2d 453, 455 (8th Cir.1986); *White v. Pence,* 961 F.2d 776, 782 (8th Cir.1992). In *Green,* we observed that we had found no cases in which an appellate court had reversed a trial court's denial of a new trial motion because the verdict was against the weight of the evidence. *Green,* 804 F.2d at 455. Assuming, without deciding, that the issue is appealable, we find no fundamental miscarriage of justice in this case.

■ The plaintiff has appealed the reduction of the damage award from $4,000 to $2,000. A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored. The plaintiff has also claimed that it was error for the district court to deny his motion for a new trial on damages only. We find no abuse of discretion.