21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Glen ESCOE, Appellant,
v.
Elmer WANKUM; Henry Jackson; William Roundtree; C.O. I
Garrett; Marion Mitchell; William Armontrout,
Warden; Marily Butts, R.N.; Dorothy
Lauberth, Sister, R.N., Appellees.
 No. 93-2868.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 7, 1994.
Filed: April 14, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Glen Escoe, a Missouri inmate, appeals the district court's[1] grant of summary judgment in favor of defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Escoe's claims stem from a tuberculosis testing and prevention program implemented at the Jefferson City Correctional Center following a tuberculosis outbreak in the summer of 1990. Escoe alleged that defendants violated his Eighth Amendment rights by forcing him to take a tuberculin skin test (PPD) and that defendants were deliberately indifferent to his medical needs prior to, during, and following the test. Escoe further asserted that defendants were deliberately indifferent to his serious medical needs when they forced him, through use of threats, to sign the Preventative Tuberculosis Medication Agreement (PTMA) and take a tuberculosis preventive medication (Isoniazid, or "INH"), and required him to continue his INH program even though the medicine caused him to be sluggish, nauseated, and nervous. The district court, over Escoe's objections, adopted the magistrate judge's[2] report and granted defendants summary judgment. Escoe timely appealed.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kuhnert v. John Morrell & Co. Meat Packing, 5 F.3d 303, 304 (8th Cir. 1993). We must determine whether the record, when examined in the light most favorable to the non-moving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990). To successfully oppose a motion for summary judgment, the non- moving party must present sufficient evidence of a dispute over facts that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 4
 To prevail on an Eighth Amendment claim that prison officials forced or denied medical care, a prisoner must prove that the officials acted with deliberate indifference to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Furthermore, "an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993). Mere negligence or inadvertence does not constitute deliberate indifference and will not support a section 1983 action. Wilson v. Seiter, 111 S. Ct. 2321, 2328 (1991).
 
 
 5
 Escoe makes several deliberate indifference claims. First, he asserts that the defendants were deliberately indifferent to his serious medical needs when they forced him to have a PPD test, even though they knew of both his prior positive PPD test and his allergy to the test. Escoe's claim does not establish a wanton infliction of pain. Prison officials were reacting reasonably to the threat of a tuberculosis epidemic within the institution. In addition, Escoe has not demonstrated that defendants' state of mind rose to the level of deliberate indifference. Escoe was re-tested pursuant to guidelines applying to all inmates and, although he says he informed the officials of his allergy, his medical records did not indicate that he was allergic to the test. Escoe seeks to establish the defendants' culpable state of mind by evidence that, in response to his internal grievance, defendant Lauberth apologized for overlooking the prior positive PPD test. Escoe's argument is misguided, however, because the record reflects that officials knew he had a prior positive test, but re-tested Escoe because the prior test did not record the results in millimeters. We find, therefore, that defendants were at most negligent, and that the evidence does not demonstrate that they acted with deliberate indifference to Escoe's serious medical needs. See Wilson, 111 S. Ct. at 2328.
 
 
 6
 Escoe's claims that the defendants were deliberately indifferent when they forced him to sign the PTMA and to take INH must fail in light of the state's interest in preventing the spread of tuberculosis. Finally, defendants were not deliberately indifferent when they continued Escoe's INH treatment despite its adverse side effects. Escoe makes no showing that he was denied medical treatment for any of his symptoms. Rather, the record reflects that Escoe received prompt medical attention each time he requested it. Escoe's claim-essentially that defendants should have treated his symptoms by discontinuing INH and placing him on a different tuberculosis medication-is without merit. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (difference of opinion as to medical treatment does not rise to the level of deliberate indifference).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri