26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
William M. GREGORY, Plaintiff-Appellant,
v.
Danny RUSSELL, Danny Hallett, and John Rhone, Defendants-Appellees.
 No. 93-3640.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: May 17, 1994.
 
 Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 William M. Gregory brought suit pursuant to 42 U.S.C. Sec. 1983, alleging that the defendants falsely arrested and imprisoned him without probable cause and in violation of the Fourth Amendment. The jury rendered a verdict in favor of the defendants. Gregory appeals, contending that the district court[1] erred in refusing to permit him to testify about the events that transpired in his criminal trial. We affirm.
 
 
 2
 Gregory was arrested for disorderly conduct on May 22, 1991. Earlier that day, Gregory had gone to the office of an attorney who was representing him on an unrelated matter. Gregory was dissatisfied with the attorney's services, and the purpose of his visit was to discontinue their attorney-client relationship and to retrieve his file. The discussion between Gregory and the attorney became heated. Ultimately, the attorney called the police when Gregory refused to leave the premises. Police officers Danny Russell, Danny Hallett, and John Rhone arrived on the scene and arrested Gregory for disorderly conduct. Gregory was tried in municipal court, and a jury acquitted him on the charge.
 
 
 3
 Subsequently, Gregory filed this civil rights action alleging that he was arrested and imprisoned without probable cause. At the civil rights trial, Gregory testified about the circumstances of his arrest. At one point, he attempted to testify about some statement that the municipal judge had made during the disorderly conduct trial. The defendants objected on the grounds of relevancy, and the district court sustained the objection. Gregory contends on appeal that the district court erred by excluding this testimony.
 
 
 4
 Gregory made no offer of proof to alert the district court to precisely what the substance of the testimony would be. Absent a proffer as to what the evidence would have been, the record is not preserved for our consideration. See Thongvanh v. Thalacker, 17 F.3d 256, 259 (8th Cir. 1994). Nevertheless, we have examined the transcript. The context of the inquiry at the time of the objection indicates that Gregory was about to make an irrelevant statement. It is difficult to imagine how any statement of the municipal judge made during the disorderly conduct trial could be relevant to the ultimate issue in this trial: whether the officers had probable cause to arrest Gregory. A district court has broad discretion regarding issues of relevance, and we will not reverse absent an abuse of discretion. See United States v. Noland, 960 F.2d 1384, 1388 (8th Cir. 1992). We conclude that the district court did not abuse its discretion in sustaining the defendants' objection.
 
 
 5
 Gregory also contends that the district court erred by not allowing him to testify as to the outcome of his disorderly conduct trial. Gregory made no offer of proof that he intended to testify that he was acquitted, and it does not appear that he was about to testify to that fact at the time of the objection noted above. Consequently, the issue is not preserved. See Thongvanh, 17 F.3d at 259. In any event, the outcome of the disorderly conduct trial is not relevant to determining whether or not there was probable cause to arrest Gregory. Innocence "is neither dispositive of nor relevant to the ultimate issue in the case-whether there was probable cause to arrest ...-since, '[t]he Constitution does not guarantee that only the guilty will be arrested.' " Clay v. Conlee, 815 F.2d 1164, 1167 (8th Cir. 1987) (quoting Baker v. McCollan, 443 U.S. 137, 145 (1979)). Furthermore, no prejudice could have resulted because during cross-examination of a defense witness, Gregory's attorney, without objection, alerted the jury that Gregory had been acquitted. (See Appellant's App. at 42.)
 
 
 6
 We conclude that the district court did not abuse its discretion. Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas