46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Clyde WEILER, Appellant,
v.
James PURKETT, Superintendent at FCC; Leah Embly, Mailroom
Supervisor, FCC, Appellees.
Clyde Weiler, Appellant,
v.
James Purkett, Superintendent; Leah Embly, Mailroom
Supervisor; Priscilla F. Gunn, Special Assistant
Attorney General, Appellees.
 No. 94-1665, No. 93-2041.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 14, 1994.
Filed: Jan. 23, 1995.
 
 Before MAGILL, Circuit Judge, GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 In these consolidated appeals, Missouri inmate Clyde F. Weiler appeals from the district court's adverse grant of summary judgment in Appeal No. 93-2041 and dismissal of his complaint in Appeal No. 94-1665. We reverse the grant of summary judgment and remand for further proceedings. We affirm the dismissal.
 
 I. BACKGROUND
 A. Appeal No. 93-2041
 
 2
 In September 1991, the Farmington Correctional Center (FCC) received a package addressed to Weiler. The package, which was marked "legal mail," contained a trial transcript and had been sent to Weiler by his son. Weiler alleged that defendant FCC mailroom supervisor Leah Embly wrongfully confiscated the package and sent him a contraband notice stating that the package would be discarded unless Weiler remitted $5.55 for return postage. Weiler further alleged that he needed the package in order to pursue state and federal post-conviction remedies and that he had informed his counsellor about the contents of the package. In addition to monetary damages for violations of his First, Fifth, and Fourteenth Amendment rights, Weiler requested injunctive relief.
 
 
 3
 Defendants moved for summary judgment asserting that they confiscated the package pursuant to regulations promulgated by FCC and the Missouri Department of Corrections. They argued that the package did not meet the requirements for legal mail because, under the regulations, the return address on legal mail must indicate the sender was a judge, attorney, court, elected official, or departmental or divisional administrator. According to defendants, the package could not be considered legal mail because, even if Weiler's package was marked legal mail, the return address indicated it came from Weiler's son. Defendants further noted that, under the regulations, an inmate can receive a package, not meeting the definition of legal mail, only if an approved vendor sent it. Embly averred that the purpose of the package regulations was to prevent contraband and unauthorized items from being mailed to inmates. Defendants also asserted that they were entitled to qualified immunity.
 
 
 4
 In response, Weiler submitted an affidavit signed by ten inmates who averred that they had received packages containing legal mail from family members and friends. The district court granted summary judgment to defendants. Weiler appeals, contending, inter alia, that the affidavit he submitted in opposition to defendants' motion created an issue of fact as to whether defendants neutrally applied the regulations and whether they were qualifiedly immune from suit.
 
 B. Appeal No. 94-1665
 
 5
 Defendant Priscilla Gunn entered her appearance as special assistant attorney general on behalf of defendants Embly and FCC Superintendent James Purkett. After Weiler learned through discovery that the confiscated package had been destroyed, he filed a second complaint alleging that Gunn failed to stop Embly and Purkett from destroying the package, in order to prejudice him in his lawsuit involving the confiscation of the package. Relevant to this appeal, Gunn filed a motion to dismiss, contending that she was entitled to absolute immunity and that Weiler failed to allege she had any involvement in the destruction of the package. The district court granted Gunn's motion, and Weiler appeals.
 
 
 6
 Defendants contend that these appeals are moot because on March 24, 1994, they provided Weiler with another copy of the transcript of his trial. In reply, Weiler argues that his appeals are not moot; that he is entitled to money damages for the two-year period he was without his transcript; and that, without his transcript, he was unable to timely pursue his state post- conviction remedies.
 
 II. DISCUSSION
 
 7
 To the extent that Weiler sought injunctive relief, defendants correctly argue that these appeals are moot. See De Lancy v. Caldwell, 741 F.2d 1246, 1247 (10th Cir. 1984); see also McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1210 (8th Cir. 1992). Weiler, however, also sought money damages for the deprivation of constitutional rights resulting from the two-year delay in receiving the transcript. If Weiler can establish a deprivation of his rights and resultant damages, he may be entitled to recover under 42 U.S.C. Sec. 1983. See De Lancy, 741 F.2d at 1248.
 
 
 8
 We review the district court's grant of summary judgment de novo, United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992), applying the same standards as the district court. Kuhnert v. John Morrell & Co. Meat Packing, 5 F.3d 303, 304 (8th Cir. 1993). We must decide whether the record shows that there is no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 9
 At the time of the confiscation of the package, it was well-settled that inmates had a recognized First Amendment right to receive mail. See Procunier v. Martinez, 416 U.S. 396, 413-14 (1974); see also Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).[1] In Turner, the Supreme Court identified four factors that are relevant in determining the reasonableness of a prison regulation: (1) whether there is a valid, rational connection between the prison regulation and the legitimate and neutral governmental interest put forward to justify it; (2) whether alternative means of exercising the rights remain open to the inmates; (3) the impact that accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether any "ready alternatives" exist to the prison regulation. Id. at 89-90.
 
 
 10
 In support of the reasonableness of the regulations, defendants proffered Embly's affidavit that the package regulations are aimed at protecting prison security. Weiler, however, responded with an affidavit signed by ten inmates stating that they had received packages, similar to the one sent to him, from friends and family members. We hold that Weiler presented sufficient evidence to withstand summary judgment; the affidavit signed by the ten inmates raised a material issue of fact as to whether the package regulations are arbitrary and not reasonably related to a legitimate government interest. See Griffin v. Lombardi, 946 F.2d 604, 607-08 (8th Cir 1991); see also Thongvanh v. Thalacker, 17 F.3d 256, 259 (8th Cir. 1994). In addition, defendants are not entitled to qualified immunity because the conflicting affidavits raised a material issue of fact about whether the prison officials could have reasonably believed that they were not violating Weiler's First Amendment rights. See Griffin, 946 F.2d at 607-08.
 
 
 11
 As to Gunn, the district court correctly determined that she is entitled to absolute immunity. We have previously held that a state assistant attorney general is absolutely immune for her actions when defending state officials in prisoner civil rights litigation. Murphy v. Morris, 849 F.2d 1101, 1105 (8th Cir. 1988). Weiler failed to allege any facts demonstrating that Gunn was personally involved in the destruction of the package and appears to be suing Gunn solely because she was assigned to defend against his first lawsuit. In these circumstances, it is clear that Gunn is entitled to absolute immunity.
 
 III. CONCLUSION
 
 12
 For the reasons stated, we reverse the district court's grant of summary judgment in Appeal No. 93-2041 and remand for further proceedings consistent with this opinion. In Appeal No. 94-1665, we affirm the district court's dismissal of the complaint.
 
 
 13
 BEAM, Circuit Judge, dissenting.
 
 
 14
 I dissent. The court's opinion misapplies the holding of Griffin v. Lombardi, 946 F.2d 604 (8th Cir. 1991), and misuses irrelevant prisoner affidavits that do not address the constitutional issues in this case.
 
 
 15
 Prison inmates do have a recognized first amendment interest in receiving mail. Procunier v. Martinez, 416 U.S. 396 (1974), overruled in part by Thornburgh v. Abbott, 490 U.S. 401, 413 (1989). Prisoners are also subject to valid regulations applicable to the mail they receive. Turner v. Safley, 482 U.S. 78 (1987). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89.
 
 
 16
 In Griffin, the issue was whether a regulation prohibiting a prisoner from receiving an original copy of a grade transcript and a school diploma was unreasonable. The affidavits in Griffin concerning the receipt of these original items by other inmates directly addressed the constitutional question at issue. Was the rule reasonable?
 
 
 17
 Here, on the other hand, the prisoner affidavits do not speak to the constitutional query. Legal mail is not usually opened and inspected by prison authorities because of its confidential nature. Thus, the requirement that the sender be a judge, attorney, court official, elected official or departmental or divisional administrator is clearly a reasonable attempt to pinch off the receipt of contraband through phony legal mailings. The fact that several prison inmates are willing to generally state under oath that on unspecified dates they received from unnamed family members packages marked "legal mail" that may or may not have been inspected by prison authorities in violation of a reasonable rule, raises absolutely no issue of material fact addressing itself to any constitutional question at issue in this case. Accordingly, I dissent.
 
 
 
 [1]
 Defendants' assertions to the contrary, we "have previously held that claims involving inmate mail-both incoming and outgoing-must be measured against the standard set out in Turner." Thongvanh v. Thalacker, 17 F.3d 256, 259 (8th Cir. 1994)