# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4094

_____

| | | |
|---|---|---|
| Lonnie W. Foster, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| James Helling, Charly Harper, Roger | * | Southern District of Iowa |
| Lawson, Rick Larkin, Bryant, John | * | |
| Doe, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  February 7, 2000

Filed:  March 29, 2000

_____

Before McMILLIAN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Lonnie W. Foster, an Iowa prisoner, appeals from the final judgment entered in the District Court for the Southern District of Iowa dismissing his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915A(b).  Foster has moved to proceed in forma pauperis (IFP) on appeal.  We grant him permission to proceed IFP, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b).  We also affirm in part, reverse in part, and remand.

In his complaint, Foster alleged defendants violated the First and Fourth Amendments and state law when they shook down his cell, read his legal mail, confiscated his personal property, and sanctioned him. We review de novo the district court's dismissal of the action. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). We conclude the district court erred in dismissing Foster's First Amendment claim against defendants Bryant and Lawson. Foster alleged generally that defendants read and inventoried his legal mail, and specifically that Bryant participated in the cell search which included searching the boxes containing Foster's legal material out of Foster's view. Foster further alleged that on a disciplinary form, Bryant stated he had searched through Foster's legal material and had been informed by Lawson that Foster's legal mail could be read out of Foster's presence. These allegations are sufficient to state a First Amendment claim. See Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (holding inmate's allegation that prison officials opened his legal mail outside of his presence stated claim); Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994) (prisoners retain their First Amendment rights of sending and receiving mail, and prison officials may not read inmates' legal mail).

We conclude that the district court properly dismissed Foster's Fourth Amendment claim, as defendants could legally search his cell. See Hudson v. Palmer, 468 U.S. 517, 529-30 (1984) (prisoners have no legitimate expectation of privacy in prison cell, and thus Fourth Amendment proscription against unreasonable searches does not apply to prison cells).

Accordingly, we reverse the dismissal of Foster's First Amendment claim and remand to the district court for further proceedings. We also reverse the dismissal of Foster's state law claims and remand for further consideration. See 28 U.S.C. § 1367(a) (supplemental jurisdiction). We affirm the dismissal of the Fourth Amendment claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.