# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2477EA

_____

| | | |
|---|---|---|
| Len Edwin Davis, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction; G. David | * | On Appeal from the United |
| Guntharp, Assistant Director, Arkansas | * | States District Court |
| Department of Correction; Greg | * | for the Eastern District |
| Harmon, Warden, Tucker Maximum | * | of Arkansas. |
| Security Unit, | * | |
| | * | [To Be Published] |
| Appellants, | * | |
| | * | |
| John Blankenship, Disciplinary Judge, | * | |
| Arkansas Department of Correction; | * | |
| Carla Slayden, Supervisor of Records, | * | |
| Tucker Maximum Security Unit, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: April 24, 2001

Filed: May 10, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Arkansas Department of Correction (ADC) Director Larry Norris, ADC Assistant Director G. David Guntharp, and Tucker Maximum Security Unit Warden Greg Harmon appeal the District Court's[1] denial of their motion for summary judgment based on qualified immunity in federal inmate Len Edwin Davis's 42 U.S.C. § 1983 action against them. Davis alleged that an ADC photograph policy limiting to five the number of personal photographs inmates may retain in their cells infringed on his First Amendment rights. We affirm.

We review denials of summary judgment based on qualified immunity only when the issue presented is whether the facts alleged support a claim that defendants violated clearly established law. See Pace v. City of Des Moines, 201 F.3d 1050, 1052 (8th Cir. 2000). We will reverse the denial of summary judgment if the evidence, viewed most favorably to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See id.

Prisoners' First Amendment rights encompass the right to be free from certain interference with mail correspondence, which in this instance includes photographs. See Turner v. Safley, 482 U.S. 78, 89-91 (1987); Griffin v. Lombardi, 946 F.2d 604, 607 (8th Cir. 1991). Prisoners' First Amendment rights may be circumscribed if legitimate penological objectives outweigh preservation of their rights. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987). Here, defendants are entitled to qualified immunity if they reasonably believed that their implementation of the photograph policy did not violate Davis's First Amendment rights. See Griffin, 946 F.2d at 607. Although defendants asserted that the policy was reasonably related to the interest of

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

-2-

security, we agree with the District Court that it was impossible to determine on this record whether the policy advanced this interest. Defendants did not submit to the Court either a copy of the policy or any evidence supporting their argument, and Davis contested the validity of the purported security interest by claiming the policy was enacted in retaliation for inmates' filing claims about their lost photographs. A genuine issue of fact therefore existed as to whether the photograph policy reasonably related to a legitimate penological objective, precluding summary judgment.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.