# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 15-2257

_____

John L. Williams

*Plaintiff - Appellant*

v.

Jackie Robinson, JCDC Manager; Ken Conlee, JCDC Director; Gary Morrow, JCDC Mailroom Supervisor; Baldree, Lieutenant; Bowden, JCDC Mailroom Employee; MO Jackson County; Paul Smith, Sergeant; County Executive Mike Sanders, Jackson County Executive

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 26, 2015
Filed: December 8, 2015
[Unpublished]

_____

Before SMITH, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

John Williams, an inmate formerly confined in Jackson County Detention Center (JCDC), in Jackson County, Missouri, appeals the district court's dismissal of

his 42 U.S.C. § 1983 action.  Upon de novo review, we reverse in part, affirm in part, and remand the case for further proceedings.  See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (standard of review).

Williams's complaint named Jackson County and several JCDC employees in their individual and official capacities.  He claimed that defendants' enforcement of a policy requiring JCDC inmates to send and receive non-privileged personal correspondence on postcards only (postcard-only policy) violated his First Amendment free speech rights.  He further claimed that defendants' handling of his outgoing and incoming mail violated his Fourteenth Amendment procedural due process rights.[1]  He alleged that he was not allowed to send one letter, that he was not allowed to file a grievance regarding that letter, and that two letters mailed to him by his nephew--an unincarcerated person--were withheld.  Defendants filed a motion to dismiss, which the district court granted, stating, among other things, that Williams had failed to allege that he had suffered an injury as a result of the postcard-only policy.  The action was dismissed with prejudice.

We conclude that Williams's First Amendment claim against the JCDC employees in their individual capacities, and his Fourteenth Amendment due process claims, were subject to dismissal for failure to state a viable claim.  See Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998) (standard for qualified immunity); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison's grievance procedures confer no substantive rights; they are procedural rights only, which do not give rise to protected liberty interest requiring Fourteenth Amendment protections); Knight v. Lombardi, 952 F.2d 177, 179 (8th Cir. 1991) (inmate's Fourteenth Amendment procedural due process claim was properly dismissed where inmate failed to allege or present evidence of injury flowing from alleged lack of

---

[1]Williams also asserted a denial-of-court-access claim, but has expressly abandoned it on appeal.

-2-

notice of withholding incoming personal mail, and record demonstrated that he had actual notice shortly thereafter); see also Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670-71 (8th Cir. 2013) (this court can affirm on any basis supported by record). We also conclude that the official-capacity claims against the JCDC employees were subject to dismissal as duplicative of the claims against Jackson County. See Baker v. Chisom, 501 F.3d 920, 923, 925 (8th Cir. 2007) (official-capacity suits are treated as suits against official entity).

We further conclude, however, that Williams's First Amendment claim against Jackson County, challenging the postcard-only policy, was not subject to dismissal for failure to state a claim, in light of his allegations that he was not allowed to send one letter and that two letters from his nephew were withheld. See Kaden v. Slykhuis, 651 F.3d 966, 968-69 (8th Cir. 2011) (per curiam) (indicating that withholding of mail is injury for purposes of inmate's First Amendment claim based on right to receive mail); Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 985-86 (8th Cir. 2004) (same); Knight, 952 F.2d at 178-79 (same); Griffin v. Lombardi, 946 F.2d 604, 607-08 (8th Cir. 1991) (inmates have clearly established First Amendment right to receive personal mail, subject to valid regulations);see also Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014) (per curiam) (federal pleading rules do not countenance dismissal of complaint for imperfect statement of legal theory; to survive motion to dismiss, plaintiff must plead facts sufficient to show claim is substantively plausible); Turner v. Safley, 482 U.S. 78, 89-91 (1987) (setting forth balancing test to determine whether prison mail regulations are reasonably related to legitimate penological interests); Wall v. Stanek, 794 F.3d 890, 893 (8th Cir. 2015) (for county to be liable under § 1983, plaintiff must prove county policies or customs caused violation of constitutional rights).

Accordingly, we reverse the dismissal of Williams's First Amendment claim against Jackson County, we affirm the judgment in all other respects, and we remand

the case to the district court for further proceedings. In addition, we grant Williams's motion for leave to appeal in forma pauperis.

_____