924 F.2d 774
 Harold HOBBS, Appellee,
v.
Warden EVANS,
A.L. Lockhart, Director, Arkansas Department of Correction, Appellant,
Larry Norris, Warden
Sgt. Wilson, Tucker Maximum Security Unit, Appellant.
 No. 90-1073EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 10, 1990.
Decided Jan. 29, 1991.
Rehearing Denied March 6, 1991.
 
 Leslie M. Powell, Little Rock, Ark., for appellant.
 Richard T. Donovon, Little Rock, Ark., for appellee.
 Before ARNOLD, and FAGG, Circuit Judges, and McMILLAN,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Harold Hobbs, an Arkansas inmate, brought this civil rights action against four prison officials asserting his eighth amendment right to be free from violent attacks by fellow inmates. The district court entered judgment against A.L. Lockhart, Director of the Arkansas Department of Correction, and Sergeant Billy Wilson, a guard at Arkansas's maximum security correctional facility (Tucker). The district court also dismissed Hobbs's claims against the two other officials. Lockhart and Wilson appeal, and we reverse in part and affirm in part.
 
 
 2
 While Hobbs was an inmate at Tucker, fellow inmates attacked him on three occasions. Hobbs notified Lockhart by letter after the first incident and filed grievances after both the first and second incidents, asserting the inmates attacked him after Wilson told other inmates Hobbs was an informant. Over a year after the last incident occurred at Tucker, Hobbs was transferred from Tucker to another correctional facility (Cummins). Although inmates never attacked Hobbs at Cummins, prison officials learned of a plot to kill Hobbs and thwarted it. Hobbs was not the object of any other plots or threats at Cummins, and he was not harmed during his confinement there.
 
 
 3
 The district court found Lockhart was not liable for the assaults on Hobbs at Tucker, but found Lockhart acted with reckless disregard of Hobbs's right "to be free from assault" by other inmates at Cummins. The district court found Wilson acted with reckless disregard for Hobbs's safety by telling Tucker inmates Hobbs was an informant.
 
 
 4
 Lockhart contends the district court's finding he acted in reckless disregard of Hobbs's right to be free from inmate attacks at Cummins is clearly erroneous. We agree. To support a finding that Lockhart acted in reckless disregard of Hobbs's right, the record must show Hobbs was faced with a pervasive risk of harm at Cummins and Lockhart failed to respond reasonably to that risk. See Bailey v. Wood, 909 F.2d 1197, 1199 (8th Cir.1990).
 
 
 5
 In our view, the evidence in the record does not support the district court's finding against Lockhart. Hobbs's transfer to Cummins was over one year after the last incident at Tucker. Hobbs was never attacked at Cummins, and prison officials promptly squelched the only plot to harm him. This single incident is not sufficient to support a finding that Hobbs was exposed to a pervasive risk of harm from other inmates at Cummins. See Porm v. White, 762 F.2d 635, 637 (8th Cir.1985). Thus, the district court's finding that Lockhart acted in reckless disregard of Hobbs's right to be free from assault at Cummins is clearly erroneous.
 
 
 6
 Wilson contends the district court committed error in refusing to reopen the record to allow him to testify. We disagree. Wilson failed to appear for the trial. In Wilson's absence, his attorney asked the court to receive Wilson's testimony when he became available. After Wilson was located, the court received and considered his affidavit, but refused to reopen the record so Wilson could appear and testify. Although Wilson claimed he failed to appear because he was "unaware that a trial was scheduled," the district court found the case had been set for trial while "Wilson remained in the employ of the Department of Correction [and] [t]here was ample time for him to be informed of the [trial] date." Hence, the district court concluded, "It was the responsibility of counsel and, ultimately, Mr. Wilson himself for him to be present at the [trial]." Under these circumstances, we cannot say the district court abused its discretion in refusing to reopen the record. See United States v. Jones, 880 F.2d 55, 59 (8th Cir.1989).
 
 
 7
 Wilson also contends the district court's finding he acted in reckless disregard of Hobbs's right to be free from inmate attacks at Tucker is clearly erroneous. Again, we disagree. Witnesses testified an inmate labeled as an informant at Tucker is at high risk of harm, and the district court found "[Hobbs] suffered three assaults [at Tucker because Wilson] labeled [him] as an informant." After careful review, we cannot say the district court's finding Wilson acted with reckless disregard is clearly erroneous.
 
 
 8
 Accordingly, we reverse the judgment against Lockhart and affirm the judgment against Wilson.
 
 
 9
 McMILLAN, Senior District Judge, concurring in part and dissenting in part.
 
 
 10
 I concur in that portion of the court's "per curiam" opinion which affirms the judgment against appellant Wilson. For the reasons expressed below, I dissent from that portion which reverses the judgment against appellant Lockhart.
 
 I.
 
 11
 Harold Hobbs is a prisoner in Arkansas serving a sentence of life without possibility of parole.
 
 
 12
 On September 4, 1986, at the Tucker Maximum Security Unit, Hobbs was attacked by another inmate while Hobbs was handcuffed.
 
 
 13
 On September 5, 1986, Hobbs wrote a letter to appellant Lockhart, the Director of the Arkansas Department of Correction, and filed a grievance with Warden Norris. In his letter and grievance, Hobbs alleged he had been attacked because appellant Wilson, a prison guard at the Tucker Maximum Security Unit, had spread the word that Hobbs was a "snitch."
 
 
 14
 Lockhart instructed Norris to look into the allegations. Norris talked to Wilson and another guard (but to no inmates, not even Hobbs ), and concluded that Wilson had not told other inmates that Hobbs was a snitch! Norris informed Lockhart of his investigation and conclusions by memo dated September 18, 1986.
 
 
 15
 On September 30, 1986, at the Tucker Maximum Security Unit, Hobbs was attacked by another inmate with a hammer while members of his work group held him down.
 
 
 16
 On October 20, 1986, Hobbs filed this suit.
 
 
 17
 On January 7, 1987, at the Tucker Maximum Security Unit, Hobbs was attacked by another inmate; as was the case on September 4, 1986, Hobbs was handcuffed when attacked. Allegations regarding this third attack were added to the October 20, 1986 complaint by pro se amendment in January, 1987.
 
 
 18
 On February 9, 1988, Hobbs was transferred to the Cummins Unit.
 
 
 19
 While Hobbs was at Cummins, prison officials discovered and thwarted a plot to kill him.
 
 
 20
 On July 7, 1988, a hearing on Hobbs's amended complaint was held before United States Magistrate John F. Forster, Jr.
 
 
 21
 On September 5, 1989, Magistrate Forster filed his Amended Findings and Recommendations. He found Wilson liable for labeling Hobbs as an informant, and recommended nominal damages. He also found that Lockhart had been deliberately indifferent to Hobbs's safety while Hobbs was at Cummins, and recommended injunctive relief.
 
 
 22
 On December 7, 1989, the district court (the Honorable Elsijane T. Roy) adopted the magistrate's amended findings and recommendations.
 
 II.
 
 23
 This court's per curiam opinion holds that "the district court's finding that Lockhart acted in reckless disregard of Hobbs's right to be free from assault at Cummins is clearly erroneous." (Emphasis added.)
 
 
 24
 I agree only in part with this court's holding. The evidence does not support a finding that Lockhart acted in reckless disregard of Hobbs's safety after Hobbs was transferred to the Cummins unit. However, the evidence clearly does support a finding that Lockhart acted in reckless disregard of Hobbs's safety before that transfer--while Hobbs was at the Tucker Maximum Security Unit.
 
 
 25
 Lockhart was informed of the September 4, 1986 attack by letter from Hobbs. He instructed Warden Norris to investigate. Norris wrote in a September 18, 1986 memo to Lockhart that he had talked to Wilson and another guard, and believed the allegations against Wilson to be false.
 
 
 26
 Lockhart took no further action.
 
 
 27
 Lockhart never questioned Hobbs nor any other prisoner about Wilson's alleged statements to inmates, nor did he instruct his subordinates to do so. An investigation which does virtually nothing but ask the alleged wrongdoer if he has done wrong is a deliberately indifferent investigation. On cross-examination, Lockhart stated:"That is good police work because you're going to the person who's being accused of wrongdoing and ask them whether or not the information is accurate or not [sic]."
 
 
 28
 If that were good police work, our prisons would not be overcrowded.
 
 
 29
 Hobbs was subsequently assaulted on September 30, 1986, and again on January 7, 1987. Lockhart claims to have been unaware of these two attacks until he began to prepare for trial. It seems unlikely, albeit possible, that Norris would not have informed Lockhart of an attack that occurred just 12 days after Norris's memo of September 18, 1986.
 
 
 30
 I agree with this court's majority opinion that the evidence does not support the magistrate's finding that Lockhart acted in reckless disregard of Hobbs's safety after the transfer to Cummins. I believe, however, that the evidence does show that Lockhart acted (and refrained from acting) in reckless disregard of Hobbs's safety before that transfer, while Hobbs was at Tucker.
 
 
 31
 "[I]n the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." Robert-Gay Energy v. State Corp. Comm'n, 753 F.2d 857, 862 n. 5 (10th Cir.1985) (quoting Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937)).
 
 
 32
 I would therefore affirm the magistrate's finding, adopted by the district court, that Lockhart acted in reckless disregard of Hobbs's safety.
 
 
 
 *
 The HONORABLE JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation