966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles R. WHITE, Appellant,
v.
Tim BALTZ; Ray Hobbs; A.L. Lockhart; Randall Morgan; Larry
Norris; R.P. Wright, Appellees.
 No. 91-3210.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1992.
Filed: June 26, 1992.
 
 Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles R. White, an Arkansas inmate, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action following an evidentiary hearing. We affirm.
 
 
 2
 In July 1989, White filed his complaint against A. L. Lockhart, Director, Arkansas Department of Correction; Larry Norris, Assistant Director; Randy Morgan, Deputy Director; Tim Baltz, Warden, Wrightsville Unit; Ray Hobbs, Assistant Warden; and R. P. Wright, Chief of Security, in their official and individual capacities. White alleged defendants violated his constitutional rights when they double-bunked buildings nine and ten and converted the gymnasium to living quarters to temporarily accommodate an additional 180 inmates sent to Wrightsville during a prison overcrowding emergency. He alleged defendants' actions resulted in inadequate security, an increase in violence, excessive heat, and unsanitary conditions in the affected buildings. He alleged that he witnessed one assault and one confrontation during the time period. Following an evidentiary hearing held before the magistrate judge, the district court granted summary judgment for defendants.
 
 
 3
 On appeal, White moves for appointment of counsel, renews his arguments that overcrowding caused unconstitutional conditions, and argues for the first time that he suffered unbearable anxiety due to these conditions. He also argues that the court erred by not allowing testimony from inmate Beckham who was allegedly the victim of the assault White witnessed.
 
 
 4
 We conclude that White does not have standing to assert another inmate's claim based on fear of violence following a single assault to that inmate. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Moreover, White's allegation that one assault and one "confrontation" occurred between other inmates does not make a sufficient showing to assert a violation of his Eighth Amendment right to be free from a pervasive risk of violence. See Hobbs v. Evans, 924 F.2d 774, 775 (8th Cir. 1991) (per curiam) (single incident of violence to plaintiff does not establish pervasive risk of harm necessary for constitutional violation).
 
 
 5
 We turn to the question of whether living conditions, as described by White in his testimony, violated his Eighth Amendment rights. White lived approximately one month in buildings where there was double-bunking and inadequate security, and approximately one-and-one-half months in the gymnasium where there was poor plumbing, inadequate security, and excess heat. These conditions were finally relieved by the transfer of the excess population to new facilities in the spring of 1990. We find that, while the conditions were substandard, they occurred in response to an emergency situation and were short-lived. We note, however, that even in an emergency, prison officials must maintain conditions consistent with constitutional standards.
 
 
 6
 We conclude that the district court was correct in finding that, while living conditions were substandard, they did not violate White's Eighth Amendment rights. "[C]ourts considering a prisoner's [conditions-of-confinement] claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 112 S. Ct. 995, 999 (1992) (quoting Wilson v. Seiter, 111 S. Ct. 2321, 2326, 2329 (1991)). White did not show that prison officials acted with "deliberate indifference" to his needs, as the officials were not in control of the decision to house extra inmates at Wrightsville and both parties testified to actions officials took to alleviate the adverse conditions. See Wilson, 111 S. Ct. at 2326-27.
 
 
 7
 Under the circumstances of this case, we agree with the district court that White did not show the "extreme deprivation" needed to fulfill the objective component of a conditions-of-confinement claim. See Hudson, 112 S. Ct. at 1000; Johnson v. Boreani, 946 F.2d 67, 70-71 (8th Cir. 1991); Rodgers v. Thomas, 879 F.2d 380, 384-85 (8th Cir. 1989). Moreover, White did not produce evidence at the evidentiary hearing of any physical or emotional harm he suffered.
 
 
 8
 We reject as meritless White's argument that the district court erred by not allowing him to call inmate Beckham, as the record shows White never requested that this witness be permitted to testify. In light of our disposition of the case, we deny as moot White's motion for appointment of counsel on appeal.
 
 
 9
 Accordingly, we affirm.