_____

No. 95-3992

_____

Alice Gathright,                         *
                                         *
            Appellant,                   *
                                         *       Appeal from the United States
     v.                                  *       District Court for the
                                         *       Eastern District of Missouri.
St. Louis Teacher's Credit               *
Union,                                   *
                                         *
            Appellee.                    *

_____

Submitted:  June 14, 1996

Filed:  October 3, 1996

_____

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, Circuit Judge, and
     KORNMANN,[*] District Judge.

_____

WOLLMAN, Circuit Judge.

     Alice Gathright appeals the district court's[1] judgment following a
jury verdict in favor of her former employer, the St. Louis Teacher's
Credit Union (Credit Union), in Gathright's claim under the Age
Discrimination in Employment Act (ADEA), 29 U.S.C §§ 621-634.  We affirm.

**I.**

     During her direct examination, Gathright read the contents of two
exhibits into the record.  The first exhibit was the

_____

     *The  HONORABLE  CHARLES  B.  KORNMANN,  United  States
     District Judge for the District of South Dakota, sitting
     by designation.

     [1]The Honorable Charles A. Shaw, United States District Judge
for the Eastern District of Missouri.

termination letter sent to Gathright by the Credit Union. In the letter, the Credit Union stated that it was terminating Gathright because she had violated a confidentiality agreement that she signed regarding the account information of Credit Union members. The violation cited by the Credit Union was that, outside the scope of her employment duties, Gathright had requested account information about an account to which she was not a signatory and subsequently disclosed the information to third persons. The second exhibit was the confidentiality agreement, which stated that Gathright's access to account information was limited to that necessary to carry out her employment duties and that improper disclosure of confidential information to third parties was grounds for immediate termination.

Gathright admitted on cross-examination that she had requested and received information about a specific account; that this was done outside the scope of her employment; that the account's signatories had complained to the Credit Union that account information had been released to Gathright; and that her termination followed the signatories' complaints. Gathright testified that the complaints had cost her her job. Gathright also testified, however, that she believed her termination was age-based because she was replaced by a younger employee, and that the younger employee who released the account information to her was not likewise terminated.

Gathright rested her case at the conclusion of her testimony on cross-examination, whereupon the Credit Union immediately rested its case. Gathright moved for judgment as a matter of law (JAML), arguing that she had made out a prima facie case of age discrimination and that the Credit Union had failed to rebut the resulting presumption of discrimination by failing to call any witnesses to present evidence of its legitimate, nondiscriminatory reasons for firing Gathright. The district court denied the motion, whereupon Gathright moved to reopen her case-in-chief to

present further evidence that the Credit Union's stated reasons for terminating Gathright were pretextual, informing the court that she had several witness ready to testify.  The court denied the motion to reopen.

**II.**

On appeal, Gathright argues that the district court erroneously denied her motions for JAML and to reopen her case-in-chief.  We review de novo the district court's denial of a motion for JAML, resolving all factual conflicts in favor of the nonmoving party, giving that party the benefit of all reasonable inferences and assuming as true all facts favoring that party which the evidence tended to prove.  Triton Corp. v. Hardrives, Inc., 85 F.3d 343, 345 (8th Cir. 1996); Kaplon v. Howmedica, Inc., 83 F.3d 263, 266 (8th Cir. 1996).  We will not weigh, evaluate, or consider the credibility of the evidence, and we will affirm the denial of the motion if a reasonable jury could differ as to the conclusions that could be drawn.  Triton, 85 F.3d at 345; Kaplon, 83 F.3d at 266.

Under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), to successfully resist Gathright's motion for JAML the Credit Union needed to produce evidence of its legitimate, nondiscriminatory reasons for terminating Gathright.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07, 509 (1993); see Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994) (in ADEA case, when there is no direct evidence of age discrimination, McDonnell Douglas analysis is followed).  The Credit Union met its burden of production through Gathright's testimony.  She read into the record the confidentiality agreement and her termination letter, and she testified about her request for and receipt of confidential account information outside the scope of her employment duties.  She also testified that the signatories' subsequent complaints cost her her job.  Because the Credit Union thus adduced evidence of its

nondiscriminatory reasons, it rebutted the legal presumption of Gathright's prima facie case, and Gathright was therefore no longer entitled to JAML. See Hicks, 509 U.S. at 510-11.

A party's motion to reopen its case to submit additional evidence is entrusted to the district court's sound discretion, and we review the court's decision only for abuse of that discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971); Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991) (per curiam). "Normally, parties are expected to present all of their evidence in their case in chief." Skogen v. Dow Chem. Co., 375 F.2d 692, 705 (8th Cir. 1967). "[A] plaintiff's failure to call available witnesses or produce existing evidence does not ordinarily constitute grounds to reopen a case." Wilson v. Good Humor Corp., 757 F.2d 1293, 1300 (D.C. Cir. 1985).

Prior to Gathright's resting her case, the district court explicitly afforded Gathright several opportunities to present additional evidence and ensured on the record that Gathright was knowingly resting her case. Gathright's surprise at the Credit Union's decision to rest without calling any witnesses was not grounds upon which she could properly request the district court to allow her to reopen her case-in-chief to present additional evidence of pretext. Accordingly, we cannot say that the district court abused its discretion in denying the motion to reopen. Cf. Hobbs v. Evans, 924 F.2d 774, 775 (8th Cir. 1991) (per curiam) (no abuse of discretion in refusal to reopen case to allow defendant to testify after defendant failed to appear for trial); Simon v. Shearson Lehman Bros., Inc., 895 F.2d 1304, 1322-23 (11th Cir. 1990) (no abuse of discretion when party elected not to put evidence in record for tactical reasons); Wilson, 757 F.2d at 1300 (no abuse of discretion where, despite notice of particular issue at trial, plaintiffs failed to present available witness and document regarding that issue).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.